UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS
CENTRAL DIVISION

_____
IN RE:                                            )
                                                  )
89 COMMERCIAL ROAD, LLC.            )     Chapter 11
                                                  )     Case No. 14-41634-MSH
         Debtor                                   )
_____)

**DEBTOR'S NOTICE OF (1) INTENDED PRIVATE SALE OF ASSETS FREE AND CLEAR OF LIENS; (2) DEADLINE FOR SUBMITTING OBJECTIONS AND COUNTEROFFERS; AND (3) HEARING DATE**

To Creditors and Parties in Interest:

   NOTICE IS HEREBY GIVEN, pursuant to 11 U.S.C. Sections 105, 363 and 365, Federal Rules of Bankruptcy Procedure 2002(a)(2) and 6004 and MLBR 2002-5 and 6004-1, that 89 Commercial Road, LLC ("Debtor") has entered into a Purchase and Sale Agreement (the "Purchase Agreement") and filed a Motion for Authority to Sell at Private Sale all of the Debtor's right, title and interest in and to the real property located 89 Commercial Road, Leominster, MA (the "Subject Assets"), "AS IS" and "WHERE IS", to AEI Property Corporation, or assignee ("Buyer") with an address of 1300 Wells Fargo Place, 30 East Seventh Street, St. Paul, MN 55101, for the sum of Six Million One Hundred Thousand and No/100 ($6,100,000.00) Dollars, payable to the Debtor.

   The sale of the Subject Assets shall be free and clear of any and all liens, taxes, claims, interests and encumbrances. Nothing in this Notice constitutes a waiver of the Debtor's right to review and challenge the extent, priority or validity of any lien, claim, interest or encumbrance.

   A copy of the related Purchase and Sale Agreement is attached to the Sale Motion and is available upon request from the undersigned.

Through this notice, HIGHER AND BETTER OFFERS, to purchase the Subject Assets are hereby solicited. QUALIFIED COUNTEROFFERS shall be governed by the terms and conditions of the Bidding Procedures attached as <u>Exhibit A</u> to this notice (the "Bidding Procedure").

OBJECTIONS to the allowance of the Debtor's Motion for authority to conduct the Intended Private Sale of Assets, and any higher COUNTEROFFERS must be filed in writing on or before 4:30 P.M. on ___July 20_____, 2015 (the "Objection Deadline") with the Clerk of the U.S. Bankruptcy Court, Harold Donohue Federal Building, 595 Main Street, Worcester, MA 01608. Copies of any such Objection or Counteroffer shall be served upon Counsel to the Debtor: John M. McAuliffe, McAuliffe & Associates, P.C., 430 Lexington Street, Newton, MA 02466; Counsel to the Buyer: Michael B. Daugherty, Daugherty Law Offices, 30 East Seventh Street, Suite 1300 Wells Fargo Place, Saint Paul, MN 55101; Counsel to Avidia Bank: Daniel Carragher, Day Pitney, One International Place, #17, Boston, MA 02110; Counsel to Aberthaw Construction: Kevin McGee, 4 Austin Street, Worcester, MA 01608; Counsel to Blanchflower Realty: Andrew Tine, Law Offices of Andrew J. Tine, 18 Maple Avenue, Suite 267, Barrington, RI 02806; and Counsel to the United States Trustee: Lisa Tingue, United States Trustee, 446 Main Street, 14th Floor, Worcester, MA 01608, so as to receive by the Objection Deadline.

Objections, if any, shall state specifically why the proposed intended private sale should not be authorized. Unless a timely Objection or Counteroffer is filed, the Bankruptcy Court may allow the Motion without a hearing and the intended private sale of assets shall proceed forthwith. Parties seeking information regarding the Assets should contact the Debtor's Counsel, as set forth below.

A HEARING on the Motion, if necessary, shall be held at ___August 3, 2015_____ on ___10:00 A.M._____, before the Honorable Melvin S. Hoffman, Chief United States Bankruptcy Judge, Harold Donohue Federal Building, 595 Main Street, Worcester, Massachusetts. The Debtor, the Buyer and any party having filed an Objection or Counteroffer

2

are required to be present at the Hearing or they may waive their rights. At the Hearing, any Qualified Counterofferor and the original offerer will be afforded the opportunity to submit a new bid on terms to be established by the Debtor. The deposit required by the Bidding Procedure (the "Deposit") shall be forfeited in the event that the successful bidder fails to complete the purchase in accordance with the Purchase and Sale Agreement. In such event, the Debtor may sell the assets and consummate the transaction with the second highest bidder in accordance with such next highest bidder's bid without further Court Order. Any adjustments or alterations in terms or conditions which are authorized by the Bankruptcy Court in connection with any such Hearing may take effect without further notice.

Any questions concerning the intended private sale shall be addressed to the undersigned, and not to the Bankruptcy Court.

>Respectfully submitted,
>89 Commercial Road, LLC
>By its Attorney,
>
>*/s/ John M. McAuliffe*
>John M. McAuliffe, Esq.
>McAuliffe & Associates, P.C.
>430 Lexington Street
>Newton, MA 02466
>(617) 558-6889
>BBO# 555109
>john@jm-law.net

Dated:  June 12, 2015

3

**EXHIBIT A**

**(BIDDING PROCEDURES)**

## BIDDING PROCEDURES

The following procedures (the "Bidding Procedures") shall govern the sale by private sale of certain assets (the "Subject Assets") of 89 Commercial Road, LLC (the "Debtor"). A complete description of the Subject Assets is contained in the Motion of Debtor for Authority to Sell Substantially all of its Assets Free and Clear of Liens, Claims and Encumbrances (the "Sale Motion"). Pursuant to the Sale Motion, the Debtor seeks to sell the Subject Assets to AEI Property Corporation (the "Buyer") subject to higher and better offers in accordance with the procedures contained herein. The Debtor has also filed its Motion for Entry of Bid Order Establishing Sale and Bidding Procedures, Including Overbid Protection, Approving Form of Notice, and Establishing Deadline and Hearing Dates (the "Procedures Motion"). These Bidding Procedures have been approved and authorized by Order, dated ___June 24,_____ 2015 of the United States Bankruptcy Court for the District of Massachusetts (Central Division) (the "Bankruptcy Court") in this Chapter 11 case of the Debtor. The sale of the Debtor's asset shall be consummated pursuant to the Amended Plan of Reorganization and Amended Disclosure Statement which will incorporate the terms and conditions of the Sale Order of this Court allowing the Sale to the successful bidder.

The Bidding Procedures for the sale of the Subject Assets are as follows:

1. <u>Qualified Bidders.</u> Under the bidding procedures, only Qualified Bidders (defined below) may submit bids for the assets of the Debtor. In order to be deemed a Qualified Bidder, each person other than the Buyer (a "Potential Bidder") must have the financial wherewithal to complete the Sale under substantially the same terms and conditions as are set forth in Purchase and Sale Agreement between Debtor and Buyer.

2. <u>Access to Diligence Materials.</u> Subject to the execution of a confidentiality agreement, if, in the Debtor's discretion such an agreement is appropriate, the Debtor shall afford any Qualified Bidder the opportunity to conduct a reasonable due

1

diligence review of the Due Diligence materials provided to the Purchaser. The Debtor shall not be obligated to furnish any due diligence information after the Bid Deadline.

3. <u>Requirements of Bid.</u> (i) Any bid must state that the Bidder offers to purchase the Subject Assets under substantially the same terms and conditions as are set forth in the Purchase and Sale Agreement between the Debtor and the Buyer; (ii) such bidder is prepared to enter into and consummate the transaction within the time frame substantially similar to the timetable for closing established in the Purchase and Sale Agreement and not subject to any financing contingencies or additional terms or conditions that materially deviate from the Purchase and Sale Agreement between the Debtor and the Buyer.

4. <u>Bid Deadline</u>. All bids must be submitted in writing and filed at the United States Bankruptcy Court for the District of Massachusetts, Central Division and received by Counsel to the Debtor, John M. McAuliffe, McAuliffe & Associates, P.C., 430 Lexington Street, Newton, MA 02466, on or before 4:30 p.m. Eastern Daylight Time on the Bid Deadline and served upon; Counsel to the Buyer:  Michael B. Daugherty, Daugherty Law Offices, 30 East Seventh Street, Suite 1300 Wells Fargo Place, Saint Paul, MN 55101; Counsel to Avidia Bank:  Daniel Carragher, Day Pitney, One International Place, #17, Boston, MA 02110; Counsel to Aberthaw Construction:  Kevin McGee, 4 Austin Street, Worcester, MA 01608; Counsel to Blanchflower Realty: Andrew Tine, Law Offices of Andrew J. Tine, 18 Maple Avenue, Suite 267, Barrington, RI 02806; and Counsel to the United States Trustee:  Lisa Tingue, United States Trustee, 446 Main Street, 14th Floor, Worcester, MA 01608  The bid deadline is __July 20_____, 2015 and the Sale Hearing (as defined herein) is scheduled for __August 3_____, 2015 at __10:00 A.M.__.

5. <u>Minimum Overbid</u>. To the extent any party seeks to submit a bid on the Subject Assets, such bids must be in the following minimum cash amount:  $6,150,000.

2

6. Only Qualified Bids, as defined below, will be considered at the Sale Hearing. The offer of the Buyer shall be deemed a Qualified Bid.

7. For the purposes of these Bidding Procedures a "Qualified Bid" is a Bid that:

(i) Complies with Paragraph 2 through 6 above;

(ii) Expressly states that the offer of the party submitting the Bid is irrevocable until the earlier to occur of: (1) the sale closing, or (ii) thirty (30) days following the last date of the Sale Hearing;

(iii) Is a proposal that is not materially more burdensome or conditional than the terms of the Asset Purchase Agreement;

(iv) Is substantially on the same (except as to the purchase price) or better terms and conditions as those set forth in the Agreement;

(v) Is not conditioned on obtaining financing or completion of further due diligence to consummate the transaction; and

(vi) Is accompanied by a deposit (by means of a certified bank check from a U.S. bank or by wire transfer) equal to $50,000.00 made out to "McAuliffe & Associates, Attorney for 89 Commercial Road, LLC", to be held in escrow by Debtor's counsel. Debtor's counsel shall return the deposits of all other Bidders within five (5) business days after the Sale Hearing.

8. If the Debtor does not receive any Qualified Bids, other than that submitted by the Buyer, the Debtor will report the same to the Bankruptcy Court and proceed to seek approval of the Asset Purchase Agreement.

9. <u>Bid Subject to Approval by Court</u>. All Bids are subject to approval by the Court.

10. If the Debtor receives one or more Qualified Bids, additional rounds of bidding will be allowed in accordance with the foregoing procedures, provided that such additional competitive bidding shall be by sealed bids or such other method as

3

determined by the Debtor.  Any additional bidding shall take place before the Honorable Melvin S. Hoffman, Chief United States Bankruptcy Judge, at the United States Bankruptcy Court for the District of Massachusetts (Eastern Division), Harold Donohue Federal Building, 595 Main Street, Worcester, MA 01608, at the time of the sale hearing on August 3, 2015 at 10:00 A.M. (the "Sale Hearing").  Only Qualified Bidders who have timely submitted Qualified Bids and the Buyer will be entitled to participate in subsequent rounds of bidding at the Sale Hearing.

11. <u>Supplementation of Deposit by Successful Bidder</u>.  A Successful Bidder shall supplement its Deposit within one (1) business day so that, to the extent necessary, the Deposit is equal to $50,000 (initial deposit), plus the difference between the final bid amount and $6,100,000 (ie if the winning bid is $6,200,000, the Successful Bidder must deposit $100,000 with Debtor's counsel, in addition to the initial $50,000 deposited when the bid was submitted).

12. <u>Failure to Close; Forfeiture of Deposit and Subsequent Sale of Assets</u>.  In the event the party who submits the highest and best Bid for the Subject Assets fails to close on the sale of such Subject Assets, the Deposit submitted by such party shall be forfeited and the Debtor may sell the respective Subject Assets to the next highest Bidder without further order of this Court.

13. <u>Closing</u>.  All Successful Bidders are required to close within the times set forth herein even though the Court's order has not become a final order provided that no stay of such order has been entered prior to the required Closing date set forth herein.

14. <u>Payment of Purchase Price</u>.  The balance of the purchase price shall be paid by the Successful Bidder by wire transfer or other immediately available funds.